IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTHEW A. WILL,

           Plaintiff,

vs.

META INC.,

           Defendant.

8:24CV409

**MEMORANDUM AND ORDER**

Plaintiff Matthew A. Will ("Plaintiff"), a non-prisoner, filed his Complaint on October 18, 2024 (the "Complaint"), alleging this Court has jurisdiction over the matter pursuant to 46 C.F.R. § 5.29. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5.

The Court now conducts an initial review of Plaintiff's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e),[1] and finds that it is. For a multitude of reasons, Plaintiff's Complaint is deficient and shall be dismissed without prejudice.

First, Plaintiff brings suit against sole defendant Meta, Inc. ("Meta"), alleging this Court has jurisdiction over the Complaint pursuant to 46 C.F.R. § 5.29.[2] Filing No. 1 at 2. Title 46 of the Code of Federal Regulations, however, governs shipping. Section 5, found within Subchapter A of Title 46, while applicable to the public, governs "marine

---

[1] This Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). A complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915(e)(2)(B).

[2] 46 CF.R. § 5.29 merely provides a definition of "negligence," applicable to Subchapter A of Title 46.

investigations regulations—personnel action," and provides no basis for an individual to bring suit. And, even if it did, there is no indication in Plaintiff's Complaint that Title 46 is at all applicable as the allegations in his Complaint have nothing to do with shipping.

Second, "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, the totality of Plaintiff's allegations in support of his "claim" is that Plaintiff contacted Meta about an undescribed problem with "a woman" and that Meta was "uncooperative." Filing No. 1 at 2, 4. No further details are provided regarding the nature of Plaintiff's claims, Plaintiff does not describe any specific relief sought or that he suffered any ascertainable harm which entitles him to relief, let alone any jurisdictional basis under which his claims might proceed. Filing No. 1 at 4.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that

"each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). The Complaint is wholly deficient and far from the "short and plain statement" required by Federal Rule of Civil Procedure 8.

To reiterate, the Court does not have jurisdiction over this matter as 46 C.F.R. § 5.29 is wholly inapplicable to Plaintiff's claims and does not provide a private right of action under which to proceed. Further, the Complaint wholly fails to comply with Rule 8, as this Court is unable to determine the nature of the claim(s) alleged or how Plaintiff was harmed, and Plaintiff seeks no ascertainable relief.

IT IS THEREFORE ORDERED: The Complaint, Filing No. 1, is dismissed without prejudice for failure to state a claim on which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 22nd day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court